10-1281-cv
Sousa v. Roque

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges,*
> JOHN F. KEENAN,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRYAN SOUSA,

> *Plaintiff-Appellant,*

v.                                                                      No. 10-1281-cv

ARTHUR ROQUE, JR., ROBERT KALISZEWSKI, JOANNE DRIVER, WILLIAM EVANS, and JANE STAHL,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable John F. Keenan, of the United States Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:                  JOHN R. WILLIAMS, New Haven, CT.

FOR APPELLEES:                  CLARE E. KINDALL, Assistant Attorney General (Richard
                                Blumenthal, Attorney General, Jane R. Rosenberg, Assistant
                                Attorney General, and Gregory T. D'Auria, Special Appellate
                                Counsel, *on the brief*), Office of the Attorney General,
                                Hartford, CT.

Appeal from a March 22, 2010 judgment entered in the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-appellant Bryan Sousa, a former employee of the Connecticut Department of Environmental Protection ("DEP"), alleges that defendants Arthur Roque, Jr., Robert Kaliszewski, Joanne Driver, William Evans, and Jane Stahl—all former supervisors and/or colleagues of Sousa at the DEP—violated Sousa's First Amendment rights by retaliating against him for complaints he made regarding primarily workplace violence.

This is the second time we have had occasion to consider this matter on appeal. In *Sousa v. Roque*, 578 F.3d 164 (2d Cir. 2009), we vacated the District Court's order granting summary judgment to defendants, holding that it was error for the District Court to conclude that Sousa's speech did not address a matter of public concern "*solely* because he was motivated by employment grievances." *Id.* at 166. We also suggested that, on remand, the District Court "may wish to assume *arguendo* that Sousa's statements did touch on 'a matter of public concern,' and proceed straight to '*Pickering* balancing.'" *Id.* at 175 n.8. On remand, the District Court adopted this suggestion, and, after analyzing this case in light of the factors set forth by the Supreme Court in *Pickering v. Board of Education*, 391 U.S. 563 (1968), once again granted summary judgment to defendants. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which, in any event, were thoroughly recounted in our earlier opinion. *See Sousa*, 578 F.3d at 166-69.

We review *de novo* a district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party. *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is appropriate only 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Sousa*, 578 F.3d at 169 (quoting Fed. R. Civ. P. 56(c)).

Sousa contends that the District Court erred in its application of the *Pickering* balancing test. "The *Pickering* test . . . poses two questions (the first being implicit in *Pickering*): (1) whether the employee's speech as a citizen was on a matter of public concern, and if so, (2) whether the employer has shown that the employee's interest in expressing himself on that matter is outweighed

2

by injury that the speech could cause to the employer's operations." *Piscottano v. Murphy*, 511 F.3d 247, 269-70 (2d Cir. 2007) (quotation marks and citation omitted). Having conducted an independent review of the record, we hold, for substantially the reasons stated by the District Court in its well-reasoned opinion, *Sousa v. Roque*, 712 F. Supp. 2d 34 (D. Conn. 2010), that Sousa's termination was warranted in light of the significant disruptions the DEP experienced as a result of Sousa's speech.

We have considered all of Sousa's arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3