Szwalla v. Time Warner Cable

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand sixteen.

PRESENT:
        DENNIS JACOBS,
        ROSEMARY S. POOLER,
            <u>Circuit Judges</u>,
        GEOFFREY W. CRAWFORD,*
            <u>District Judge</u>.

_____

AIMEE SZWALLA,

        <u>Plaintiff-Appellant</u>,

        v.                                          15-3479

TIME WARNER CABLE LLC, TIME
WARNER ENTERTAINMENT COMPANY,
L.P.,

        <u>Defendants-Appellees</u>.

_____


FOR PLAINTIFF-APPELLANT:     Aimee Szwalla, pro se, Vestal,
                             New York.

_____

* Judge Geoffrey W. Crawford of the United States District Court for the District of Vermont, sitting by designation.

**FOR DEFENDANTS–APPELLEES:**     Jonathan B. Fellows, Bond, Schoeneck, & King, Syracuse, New York.

Suzanne O. Galbato, Bond, Schoeneck, & King, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Aimee Szwalla, proceeding pro se, appeals from a judgment granting summary judgment in favor of Time Warner Cable ("TWC") on her claims of hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Szwalla alleged that two supervisors sexually harassed her and that TWC retaliated against her when she reported the harassment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Sousa v. Marquez, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). Upon review, we conclude that the district court properly granted summary judgment to TWC.

The district court properly dismissed as time-barred Szwalla's hostile work environment claim based on comments made by her supervisor Paul Noyd in 2009. In a jurisdiction with a state fair employment agency, a plaintiff's discrimination claim is time-barred if it is not filed with the Equal Employment Opportunity Commission within 300 days of the alleged discriminatory act or within 30 days of the termination of the state proceedings. See 42 U.S.C. § 2000e-5(e)(1); Ford v. Bernard Fineson Dev. Ctr., 81 F.3d 304, 307 (2d Cir. 1996). Szwalla's 2011 administrative complaint was untimely as to Noyd's conduct and did not assert a continuing violation theory. See Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001) (holding that a plaintiff may not rely on a continuing violation theory if she has not asserted it in her administrative proceedings).

The district court also properly determined that TWC had successfully raised an affirmative defense to Szwalla's hostile work environment claim based on her second supervisor's conduct. An employer may avoid liability for a supervisor's sexual harassment where it shows that (1) "the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior" and (2) "the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998); Burlington Indus. v. Ellerth, 524 U.S. 742, 765 (1998). As the district court determined, TWC satisfied the first prong of the Faragher/Ellerth defense because the summary judgment evidence showed that it had anti-harassment policies in place that were widely distributed and allowed for employees to bypass supervisors when filing complaints. See Faragher, 524 U.S. at 808. The summary judgment evidence also showed that TWC exercised reasonable care to correct the sexually harassing behavior when it promptly responded to Szwalla's complaint by suspending and terminating her second supervisor. The second prong of the defense was satisfied because the evidence showed that Szwalla did not report her supervisor's conduct for a year and she did not demonstrate that she had a credible fear that a complaint would be ignored or would result in an adverse employment action. See Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 295 (2d Cir. 1999), overruled on other grounds by In re IPO, 471 F.3d 24, 42 (2d Cir. 2006).

TWC was also entitled to judgment as a matter of law on Szwalla's retaliation claims. In order to state a prima facie case of retaliation, a plaintiff must show that (1) she engaged in protected activity; (2) the defendant knew of this protected activity; (3) she suffered an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. Littlejohn v. City of New York, 795 F.3d 297, 315-16 (2d Cir. 2015) (citing Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010)). Should the plaintiff present a prima facie case, the burden shifts to the defendant to articulate some legitimate nondiscriminatory reason for the action. Chen v. City Univ. of New York, 805 F.3d 59, 70 (2d Cir. 2015). Where a defendant presents legitimate nondiscriminatory reasons for adverse employment actions, a plaintiff may prevail only if she can show that her

participation in the protected activity was the "but for" cause for the adverse employment action.  Id.

The district court correctly concluded that the majority of TWC's actions alleged by Szwalla did not constitute adverse employment actions.  See Galabya v. New York City Bd. Of Educ., 202 F.3d 636, 640 (2d Cir. 2000) (An adverse employment action is an act that gives rise to "a materially adverse change in the terms and conditions of employment" or a change in working conditions that is "more disruptive than a mere inconvenience or an alteration of job responsibilities.").  The district court did not address whether Szwalla's transfer from account executive to a position in TWC's call center or her ultimate termination were adverse employment actions.  However, we may affirm a district court's order on any grounds supported in the record.  Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 405 (2d Cir. 2006).  Even assuming that Szwalla's transfer and termination were adverse employment actions and that she stated a prima facie claim of retaliation, her claim must fail because TWC provided legitimate nondiscriminatory reasons for its actions and because Szwalla cannot show that her participation in protected activity was the "but for" cause of her transfer and termination.  See Chen, 805 F.3d at 70.

We have considered all of Szwalla's arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4