Daley v. Cablevision

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand seventeen.

**PRESENT:**
> **PETER W. HALL,**
> **DEBRA ANN LIVINGSTON,**
> **CHRISTOPHER F. DRONEY,**
> > *Circuit Judges.*

─────────────────────────────────────────

**Michael Daley,**

> *Plaintiff-Appellant*,

> **v.**                                                                                  **16-991**

**Cablevision Systems Corporation,**

> *Defendant-Appellee,*

**Terry McCue, Thomas Davis, Ed Addon,**
**Chris Fulton,**

> *Defendants.*

─────────────────────────────────────────

**FOR PLAINTIFF-APPELLANT:**          Michael Daley, pro se, Spring Valley, NY.

FOR DEFENDANT-APPELLEE:    Michelle S. Silverman, Joseph A. Nuccio,
                           Morgan, Lewis & Bockius LLP
                           Princeton, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Michael Daley, proceeding pro se, appeals from the district court's grant of summary judgment in favor of his former employer, Cablevision Systems Corporation ("Cablevision"), on his claims of disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*  Daley alleged that he was denied a reassignment and terminated from his position as an Advanced Field Technician after he underwent shoulder surgery.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)).  Upon review, we conclude that the district court properly granted summary judgment in favor of Cablevision.

Contrary to Daley's contention on appeal, the district court did not grant summary judgment on the sole ground that Daley failed to submit a statement of material facts pursuant to

Rule 56.1(b) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. Rather, the court exercised its discretion to "conduct an assiduous review of the record" in order to determine whether a genuine dispute of material fact existed and concluded that one did not. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000)).

Upon a de novo review of the record, we conclude that the district court properly granted summary judgment in favor of the defendant. The only potential error in the district court's thorough opinion was the court's conclusion that Daley's ADA retaliation claim could not be "premised upon his request for an accommodation or participation in" Cablevision's job search accommodation process. S.A. 223. It is not entirely clear whether that conclusion is correct under our case law. *See Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 149 (2d Cir. 2002) (citing *Muller v. Costello*, 187 F.3d 298, 311 (2d Cir. 1999)) (concluding that seeking reasonable accommodation constitutes protected activity under the ADA and noting in parenthetical citation that an ADA "retaliation claim can be based on, *inter alia*, [a] request for reasonable accommodation"). Even assuming without deciding, however, that the district court's conclusion was incorrect, and that Daley could make out a prima facie case of retaliation, the district court noted that Cablevision proffered legitimate, non-discriminatory reasons for terminating Daley, and that Daley did not respond by presenting evidence that could reasonably establish that those reasons were pretextual. *See Widomski v. State Univ. of N.Y. (SUNY) at Orange*, 748 F.3d 471, 476 (2d Cir. 2014) (per curiam) ("Claims for retaliation [under the ADA] are analyzed under the same burden-shifting framework established for Title VII cases." (alteration in original) (quoting

3

*Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002))).   The court's ultimate conclusion

was therefore proper.

    We have considered all of Daley's arguments on appeal and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk