15-3611-cv
*Varno v. Canfield*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*,
> CAROL BAGLEY AMON,
> *District Judge.*[*]

---

BETSY P. VARNO,

> *Plaintiff-Appellant*,

v.                                                                          15-3611

DONALD CANFIELD, DIRECTOR, JEFFERSON COUNTY DEPARTMENT OF PLANNING, ANDREW R. NEVIN, SENIOR PLANNER, JEFFERSON COUNTY DEPARTMENT OF PLANNING, JEFFERSON COUNTY DEPARTMENT OF PLANNING, MICHAEL J. BOURCY, SENIOR PLANNER, JEFFERSON COUNTY DEPARTMENT OF PLANNING,

> *Defendants-Appellees*.

---

[*] Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

For Plaintiff-Appellant:               BETSY P. VARNO, pro se, Victor, New York.

For Defendants-Appellees:              LAURA L. SPRING, Cohen Compagni Beckman
                                       Appler & Knoll, PLLC, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Betsy P. Varno, proceeding *pro se*, appeals from the district court's judgment dismissing her claims related to her 2009 demotion as time-barred, and granting summary judgment in favor of the defendants on her remaining claims of discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–2, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo sua sponte dismissals pursuant to 28 U.S.C. § 1915(e)(2). *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001). We also review a district court's grant of summary judgment de novo, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)).

As an initial matter, we have jurisdiction to consider whether Varno's claims relating to her 2009 demotion were properly dismissed as time-barred as interlocutory orders of dismissal "merge with the judgment for purposes of an appellate review." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186,

2

192 (2d Cir. 1999). We conclude, however, that the district court properly dismissed these claims as time-barred. Under both the ADEA and Title VII, a plaintiff must file a complaint with the Equal Employment Opportunity Commission within 300 days of a discriminatory act. 29 U.S.C. § 626(d)(2); 42 U.S.C. § 2000e–5(e)(1). Claims outside this window will be time-barred, except when the time-barred claims are part of a continuing violation. *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001). However, the continuing violation doctrine does not apply to Varno's demotion because it was a single discrete act. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (holding that the continuing violation doctrine does not apply to discrete acts of discrimination, "such as termination, failure to promote, denial of transfer, or refusal to hire").

We further conclude that the district court properly granted summary judgment to the defendants on Varno's Title VII disparate treatment claim. Title VII claims are governed by the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir. 1997). After a plaintiff establishes a prima facie case of discrimination, the employer must demonstrate a legitimate, non-discriminatory reason for the adverse employment decision. *See Shumway*, 118 F.3d at 63; *see also McDonnell Douglas*, 411 U.S. at 802. The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext for an impermissible motivation. *See McDonnell Douglas*, 411 U.S. at 804–05. If the plaintiff cannot establish pretext, the employer will be entitled to summary judgment. *James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000) (citations omitted).

Upon review, we agree with the district court that the defendants sufficiently established a legitimate non-discriminatory reason for terminating Varno and that Varno failed to present sufficient evidence of discriminatory pretext. And, as the district court correctly found, Varno was hired and fired by the same supervisor, creating an inference against discriminatory intent absent no evidence that the supervisor made any discriminatory comments. *See Schnabel v. Abramson*, 232 F.3d 83, 91 (2d Cir. 2000).

We also agree with the district court that Varno failed to establish age as the but-for cause of her termination. Unlike Title VII claims, ADEA claims require that age be "the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176–77 (2009); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105–06 (2d Cir. 2010). Given the evidence of Varno's poor performance, she cannot establish a genuine dispute of material fact as to whether age was the but-for cause of her termination. And the district court similarly and correctly applied the same-actor inference against discriminatory animus to this claim as well. *See Schnabel*, 232 F.3d at 91.

The district court erred by concluding that Varno failed to establish a prima facie case of retaliation because she did not show participation in a protected activity. Varno testified that she orally complained of discrimination to a human resources employee prior to her termination. This is sufficient to establish that she participated in protected activity. *See Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 210 (2d Cir. 2006). However, we affirm the district court's judgment on the alternate ground that Varno failed to establish sufficient evidence of pretext. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon

4

which the district court did not rely."). In order to succeed on a retaliation claim after a defendant has established a legitimate, non-discriminatory reason for the adverse action, the plaintiff must present evidence that retaliation was the "but-for" cause of the action. *Univ. of Tex., Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). The defendants demonstrated a legitimate, non-discriminatory reason for terminating Varno: substandard performance. Varno offered no evidence demonstrating pretext, let alone that retaliation was the but-for cause of her termination. Because Varno could not establish a genuine dispute of material fact relating to whether there was discriminatory pretext, the district court correctly granted summary judgment in favor of the defendants.

We have considered all of Varno's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk