16-3007-cv
Redfern-Wallace v. Buffalo News, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             SUSAN L. CARNEY,
                     *Circuit Judges*.
_____

DORIS REDFERN-WALLACE,

                     *Plaintiff-Appellant*,

             v.                                          16-3007-cv

BUFFALO NEWS, CWA LOCAL 81,

                     *Defendants-Appellees*.
_____

Appearing for Appellant:     Doris Redfern-Wallace, *pro se*, Buffalo, NY.

Appearing for Appellee Buffalo News:
                     Scott P. Horton, Michael E. Hickey, Bond, Schoeneck & King, PLLC, Buffalo, NY.

Appearing for Appellee CWA Local 81:
                     Richard Rosenblatt, Rosenblatt & Gosch, PLLC, Greenwood Village, CO.

        Appeal from the United States District Court for the Western District of New York (Vilardo, *J.*)

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Order of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Doris Redfern-Wallace, *pro se*, appeals from the judgment of the United States District Court for the Western District of New York (Vilardo, *J.*) granting summary judgment to Defendants-Appellees Buffalo News and CWA Local 81 (collectively, "Appellees") on Redfern-Wallace's claims of race discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and on her "hybrid" claim for breach of the collective bargaining agreement and breach of CWA Local 81's duty of fair representation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012). Upon review, we conclude that the district court properly adopted the magistrate judge's recommendation to grant summary judgment in favor of Appellees. We affirm for substantially the reasons stated by the magistrate judge in his March 9, 2016 report and recommendation and by the district court in its August 16, 2016 decision.

Liberally construing Redfern-Wallace's briefs, she argues that she was similarly situated in all material respects to her co-worker, Karen Greiner, who was neither disciplined nor terminated. Redfern-Wallace, however, admitted to Buffalo News that she had sent inappropriate text messages to Greiner, and failed to provide any evidence to Buffalo News or the Court to corroborate her allegation that Greiner had sent her inappropriate text messages in the same exchange. Redfern-Wallace has thus failed to show that she and Greiner were "similarly situated in all material respects" because she did not demonstrate that they both "engaged in" "conduct of comparable seriousness." *Raspardo v. Carlone*, 770 F.3d 97, 126 (2d Cir. 2014) (internal quotation marks omitted). Redfern-Wallace further argues that her conduct occurred outside of work and therefore did not violate any of Buffalo News's rules or policies. Buffalo News's harassment policy, however, was not limited to conduct occurring at work but covered conduct outside of work that affected the workplace.

To the extent Redfern-Wallace alleges ineffective assistance of counsel, her claim is not cognizable in a civil case. *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981).

We have considered the remainder of Redfern-Wallace's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2