16-2617-cv,
Quadir v. N.Y. State Dep't of Labor

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand seventeen.

PRESENT:
        DENNIS JACOBS,
        DEBRA ANN LIVINGSTON,
        RAYMOND J. LOHIER, JR.,
            Circuit Judges.
_____

Mohammed Quadir,
            Plaintiff-Appellant,

        v.                                    16-2617

New York State Department of
Labor,
            Defendant-Appellee.
_____


FOR PLAINTIFF-APPELLANT:     MOHAMMED QUADIR, pro se, Bronx, NY.

FOR DEFENDANT-APPELLEE:      MARK H. SHAWHAN, Assistant

Solicitor General, <u>for</u> Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Mohammed Quadir, pro se, appeals from the district court's grant of summary judgment dismissing his claims against his former employer, the New York State Department of Labor ("DOL"), under the Rehabilitation Act of 1973, 29 U.S.C. § 701 <u>et seq.</u> We review de novo a district court's grant of summary judgment, <u>Sousa v. Marquez</u>, 702 F.3d 124, 127 (2d Cir. 2012), and will affirm only if, construing the evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Quadir was a Labor Services Representative at the DOL's Bronx office whose duties included giving workshop presentations to DOL customers.  In January 2011, he asked his supervisor to excuse him from teaching workshops, and provided a doctor's note stating that he "should be excused from public speaking as he [is] undergoing medical tests until 2/13/2011." <u>Quadir v. N.Y. State Dep't of Labor</u>, No. 13-cv-3327-JPO, Dkt. No. 5-7 at 3 (PDF pag.).  In February 2011, he formally requested an exemption from workshop duties due to a combination of medical conditions that affected his ability to stand and to concentrate.  In support of his ongoing requests, he periodically submitted notes from his doctors attesting to his need to avoid prolonged standing and other significant physical exertion.  In February 2012, after having accommodated Quadir's request for a year, the DOL denied further exemption and offered, as an alternative accommodation, the option of teaching workshops while seated at a lectern.  Quadir submitted

2

no additional accommodation requests, but in October 2012 he provided two notes from his psychiatrist (dated April and August 2012) asking that he be excused from teaching workshops even while sitting down.  The DOL did not officially grant Quadir an exemption from teaching workshops, but it did not assign him to do so thereafter.

In 2015, Quadir was terminated by the DOL following commencement of the present lawsuit.[1]

On appeal, Quadir argues that the DOL failed to accommodate his disability.  He also argues that after he filed a complaint with the New York State Division of Human Rights, his supervisors retaliated against him.

**1.**  Failure to Accommodate.  To establish a failure-to-accommodate claim, a plaintiff must show "(1) that he is an individual who has a disability within the meaning of the statute, (2) that an employer covered by the statute had notice of his disability, (3) that with reasonable accommodation, he could perform the essential functions of the position sought, and (4) that the employer has refused to make such accommodations."  Stone v. City of Mount Vernon, 118 F.3d 92, 96-97 (2d Cir. 1997).

Contrary to Quadir's contention, his disability was reasonably accommodated throughout his tenure at the DOL.  First, in response to a January 28, 2011 doctor's note asking that he be excused from public speaking while he underwent two weeks of medical testing, the DOL did not assign him to teach workshops.  The DOL then periodically extended that exemption for a year pursuant to Quadir's requests.  Further exemption was denied only after several doctors' notes made it clear that Quadir's medical needs (which required that he avoid prolonged standing and significant physical exertion) could be accommodated by offering him the option to teach workshops while seated at a lectern.

Eight months after this denial, Quadir submitted notes from

---

[1] Quadir is currently challenging his termination in federal court.

his psychiatrist indicating that his medical condition required him to refrain from teaching workshops regardless of whether he was sitting or standing.[2]  The DOL did not thereafter assign Quadir to teach workshops.  Thus, Quadir received the accommodation he sought, and his claim therefore fails.  Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis., 804 F.3d 178, 188 (2d Cir. 2015) ("It is axiomatic that a claim for failure to accommodate does not lie where the accommodation received is the accommodation the plaintiff requested.").

**2.**  Retaliation.  Quadir argues that the DOL unlawfully retaliated against him for complaining about its alleged failure to accommodate his disability.  We disagree for substantially the reasons stated by the district court in its June 29, 2016 decision.  As the court concluded, Quadir suffered no materially adverse employment action, and, in any event, the DOL had legitimate, non-pretextual reasons for the steps it took.  Quadir v. N.Y. State Dep't of Labor, No. 13-cv-3327-JPO, 2016 WL 3633406, at *6-7, 2016 U.S. Dist. LEXIS 84632, at *18-23 (S.D.N.Y. June 29, 2016).

We have considered all of Quadir's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] The district court mistakenly stated that Quadir did not cite one of these notes in his summary judgment papers and did not claim to have submitted the note to the DOL.  Quadir did both in a declaration filed with his summary judgment briefs (see Quadir, No. 13-cv-3327-JPO, Dkt. No. 154-1 at 4 (PDF pag.)), and the record reveals that the DOL received the notes from Quadir (see id., Dkt. No. 110-23 at 6 (PDF pag.)).

4