16-3834-pr (L)
Brown v. Cade

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand seventeen.

PRESENT:  REENA RAGGI,
               PETER W. HALL,
               SUSAN L. CARNEY,
                  *Circuit Judges.*

_____

JAMES BROWN,
               *Plaintiff-Appellant*,

       v.                                Nos. 16-3834-pr (L),
                                       16-3930-pr (Con)

BETH CADE, N. SHARP, DR. JADOW RAO,
R. KILLINGER, DR. ABBESSY,
               *Defendants-Appellees*.

_____

FOR APPELLANT:          James Brown, *pro se*, Stormville, New York.

FOR APPELLEES:          Barbara D. Underwood, Solicitor General, Victor Paladino, Jennifer L. Clark, Assistant Solicitors General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on October 18, 2016, is AFFIRMED.

*Pro se* plaintiff James Brown appeals from an award of summary judgment to the defendants on his Eighth Amendment claim of deliberate indifference to medical needs while incarcerated at the Attica Correctional Facility. *See* 42 U.S.C. § 1983. We review a grant of summary judgment *de novo*, and will affirm only if the record, viewed in the light most favorable to the non-movant, "'shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). "[C]onclusory allegations or denials," however, "cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks omitted). In applying these principles here, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated by the district court.[1]

---

[1] Although the record does not reflect that Brown received notice of the nature and consequences of summary judgment as required by *Vital v. Interfaith Medical Center*, 168

2

To establish an Eighth Amendment violation based on inadequate medical care, a prisoner must adduce evidence showing that (1) he "was actually deprived of adequate medical care," (2) "the alleged deprivation . . . [was] sufficiently serious," and (3) defendants acted with deliberate indifference to the inmate's health needs. *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006) (internal quotation marks omitted).

Here, as the district court correctly determined, the record evidence shows that defendants provided adequate medical treatment for Brown's back and leg pains and for Hepatitis C, based on their professional judgment. Although Brown may have preferred different treatment, it is well-established that "[s]o long as the treatment given is adequate," "mere disagreement over the proper treatment does not create a constitutional claim." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (internal quotation marks omitted). Notably, the evidence shows that defendants' decision not to provide Brown with the addictive pain medication Ultram in pill form—the specific treatment that he wanted—was supported by legitimate reasons, including that it was contra-indicated for Brown's liver condition and that defendant Dr. Rao recognized Brown as exhibiting drug-seeking behavior. *See id.* at 122–23 (concluding that officials were not deliberately

---

F.3d 615, 620–21 (2d Cir. 1999), his summary judgment opposition demonstrates that he understood the nature and consequences of summary judgment, *see Sawyer v. Am. Fed'n of Gov't Emps., AFL-CIO*, 180 F.3d 31, 35–36 (2d Cir. 1999) (holding that we assess "whether from all of the circumstances, including the papers filed by the *pro se* litigant, it is reasonably apparent that the litigant understood the nature of the adversary's summary judgment motion and the consequences of not properly opposing it").

3

indifferent to medical needs of prisoner who wanted stronger pain medication). Accordingly, because the record would not permit a reasonable trier of fact to find that defendants were deliberately indifferent to Brown's medical needs, summary judgment was correctly entered in favor of defendants.

We have considered Brown's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court