17-256-cv
6801 Realty Co. v. U.S. Citizenship & Immig. Servs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand eighteen.

PRESENT:  BARRINGTON D. PARKER,
                  GERARD E. LYNCH,
                  CHRISTOPHER F. DRONEY,
                          *Circuit Judges.*

_____

6801 REALTY CO., LLC,

                  *Plaintiff-Appellant*,

        v.                                                                17-256-cv

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, L. FRANCIS CISSNA, LAURA ZUCHOWSKI, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, KIRSTJEN NIELSEN, JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,

                  *Defendants-Appellees*.*

_____

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF -APPELLANT:     Spencer Sheehan, Sheehan & Associates, P.C.,
Great Neck, NY.

FOR DEFENDANTS -APPELLEES:     Varuni Nelson, Layaliza Soloveichik, Assistant
United States Attorneys, *for* Bridget M. Rohde,
Acting United States Attorney for the Eastern
District of New York, Brooklyn, NY.

Appeal from a November 30, 2016, judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant 6801 Realty Co., LLC ("6801 Realty") sued, *inter alia*, the United States Citizenship and Immigration Services ("USCIS") under the Administrative Procedure Act ("APA"), challenging USCIS's denial of an H-1B visa. After 6801 Realty filed its complaint, USCIS *sua sponte* reopened the application and requested additional evidence. The district court granted summary judgment *sua sponte* to the Defendants-Appellees, concluding that USCIS's decision to reopen 6801 Realty's visa application rendered the agency's decision non-final and unreviewable under the APA.[1]

---

[1] Prior to granting summary judgment, the district court denied Defendants' motion to dismiss for lack of subject-matter jurisdiction, concluding that the APA's requirement of "final agency action" is not jurisdictional. As we have previously observed, whether the APA's "final agency action" requirement, 5 U.S.C. § 704, is jurisdictional is an open question in our Circuit. *See Sharkey v. Quarantillo*, 541 F.3d 75, 87−88 (2d Cir. 2008). We need not decide that complex question here, which the parties have not briefed, as we conclude that § 704 is a question of "statutory standing" that permits "resolving the case on threshold, non-merits grounds." *In re Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148, 156 n.6 (2d Cir. 2015); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999); *Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 233 (4th Cir. 2008) (resolving question of whether there was final agency

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Upon notice and a reasonable time to respond, a district court may grant summary judgment *sua sponte* "after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3).[2] We review *de novo* a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)).

Under the APA, a court may review federal agency action only if there is a statute permitting such review or if the challenged decision is the "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Finality is satisfied by two conditions: "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Salazar v. King*, 822 F.3d 61, 82 (2d Cir. 2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). "For the second prong, the core question

action as a matter of statutory standing, where the jurisdictional inquiry would be "difficult to resolve").

[2] As required by Fed. R. Civ. P. 56(f)(3), the district court notified 6801 Realty that it was considering summary judgment and granted the company an opportunity to put forth evidence that there was a genuine dispute of material fact regarding whether there was final agency action in this case. 6801 Realty responded by filing a memorandum opposing dismissal, attaching two exhibits to support its position.

is whether the result of [the agency's decisionmaking] process is one that will directly affect the parties." *Id.* (alteration in original) (internal quotation marks omitted). "The Supreme Court has interpreted the finality element in a 'pragmatic way.'" *Id.* (quoting *Sharkey v. Quarantillo*, 541 F.3d 75, 88 (2d Cir. 2008)).

Although the possibility that an agency may later reconsider a decision does not affect a decision's finality, *see Sackett v. EPA*, 566 U.S. 120, 127 (2012), USCIS's reopening rendered the initial visa denial non-final. The reopening was not an informal revision that offered a mere possibility of success; USCIS actually reopened the decision and actively sought new evidence. *Cf. id.* (explaining that agency decision was final despite permitting petitioners to "engage in informal discussion" about the decision). Nor was the agency's action inappropriate. It identified issues with the original decision and areas that warranted further evidentiary development. As a result, USCIS's decision to reopen nullified the prior denial and left nothing for the district court to review.

6801 Realty also argues that the district court erred by denying its request to amend the complaint. We conclude that this argument is unavailing. 6801 Realty asserts that USCIS violated its own regulation, 8 C.F.R. § 103.5(a)(5)(ii), when it *sua sponte* reopened 6801 Realty's H-1B visa application. To the extent that 6801 Realty argues these new allegations would demonstrate that there was "final agency action," it is incorrect. The regulation in question simply permits a USCIS officer to reconsider a decision on applications like 6801 Realty's, and provides that the agency must allow the applicant a

4

period of thirty days to submit new evidence regarding the application. *See id.* Thus, USCIS proceeded properly when it reopened 6801 Realty's case, requested additional evidence, and waited for the applicant's response before taking further action.

6801 Realty suggests that we should interpret the regulation, which refers to a USCIS officer's "motion" to reopen the case, to require that USCIS permit briefing on *whether* to reopen an application. Read in context, the regulation's use of "motion" does not contemplate such briefing, but rather allows "the affected party [thirty] days after service of the motion to submit a brief." *Id.* In light of the regulation's surrounding text, "motion" here refers to the officer's decision to reopen the case, and is not an invitation for an applicant to argue whether USCIS should reopen the case. Thus, the district court did not err in issuing summary judgment without allowing 6801 Realty to amend its complaint, because the company's proposed amendment would have been futile—it would not have changed our conclusion that there is no "final agency action," as required by 5 U.S.C. § 704. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185–86 (2d Cir. 2012).

We have considered all of 6801 Realty's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5