SEC v. Bronson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>AMENDED SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand eighteen.

PRESENT:
> REENA RAGGI,
> PETER W. HALL,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

—————————————————————————

United States Securities and Exchange Commission,

> *Plaintiff-Appellee*,

> v.                                              **17-2096**

Edward Bronson, E-Lionheart Associates, LLC, DBA Fairhills Capital, Inc.,

> *Defendants-Appellants*,

Fairhills Capital, Inc.,

> *Relief Defendant-Appellant.*

—————————————————————————

FOR PLAINTIFF-APPELLEE:          Haimavathi V. Marlier, Esq., Rachel McKenzie, United States Securities and Exchange Commission, New York, N.Y.

FOR DEFENDANTS-APPELLANTS:          Edward Bronson, Esq., pro se, Ossining, N.Y.

Appeal from judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Edward Bronson, E-Lionheart Associates, LLC, and Fairhills Capital, Inc. ("FCI") appeal from the district court's grant of summary judgment in favor of the Securities and Exchange Commission (the "SEC"). The SEC sued Bronson and his company, E-Lionheart, for violating the securities registration requirements set forth in section 5(a) and (c) of the Securities Act of 1933, 15 U.S.C. § 77e(a) and (c) ("Section 5"). The SEC also sued FCI, another company owned by Bronson, as a relief defendant for unjust enrichment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, mindful that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). We review the imposition and calculation of disgorgement liability for an abuse of discretion. *See SEC v. AbsoluteFuture.com*, 393 F.3d 94, 96 (2d Cir. 2004) (per curiam).

Here, the district court correctly held that Bronson and E-Lionheart violated Section 5. Rule 504(b)(1)(iii) of the Securities Act's Regulation D, 17 C.F.R. § 230.504(b)(1)(iii), exempts from registration the offers and sales of securities that are conducted according to state law, *id.* Although Bronson claimed to meet this exemption through section 73-207(b)(8) of the Delaware Securities Act, Del. Code Ann. tit. 6, § 73-207(b)(8), the district court concluded that Bronson failed to establish a sufficient nexus between Delaware and the transactions at issue to trigger that state law. The court properly rejected Bronson's nexus argument, which focused on the fact that

2

E-Lionheart and FCI were incorporated in Delaware, both entities had a virtual Delaware office, and E-Lionheart's subscription agreements contained Delaware choice of law provisions. *See FdG Logistics LLC v. A&R Logistics Holdings, Inc.*, 131 A.3d 842, 854–57 (Del. Ch. 2016) (ruling that there was insufficient nexus to trigger application of the Delaware Securities Act where the parties were based outside of Delaware and did not conduct transactions within Delaware, notwithstanding the fact that the parties were incorporated in Delaware and included Delaware choice of law provisions in their merger agreement); *Eurofins Panlabs, Inc. v. Ricerca Biosciences, LLC*, No. 8431, 2014 WL 2457515, at \*18 & n.136 (Del. Ch. May 30, 2014) (finding Delaware choice of law provision and incorporation in Delaware insufficient nexus to state to trigger Delaware Securities Act). As the district court noted, Appellants' position raises serious Commerce Clause questions by requiring application of a state "blue sky" law to interstate transactions. *See, e.g.*, *FdG Logistics LLC*, 131 A.3d at 846 ("[S]uch an interpretation would lead to the bizarre result of converting a blue-sky statute that the [Delaware] Legislature intended to regulate *intrastate* securities transactions into one that would regulate *interstate* securities transactions.").

The district court likewise did not abuse its discretion in imposing disgorgement of profits on Appellants and in calculating their liability. A district court has "broad equitable power to fashion appropriate remedies" for federal securities law violations. *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1474 (2d Cir. 1996). Disgorgement, as a remedy for violation of the securities laws, "deprive[s] violators of their ill-gotten gains, thereby effectuating the deterrence objectives of those laws." *Id.* Bronson argues that disgorgement is barred by the five-year statute of limitations for the 53 new issuers who were named in the SEC's motion for summary judgment,

3

but were not named in its complaint. The statute of limitations provides that actions for disgorgement "must be commenced within five years from the date when the claim first accrued." 28 U.S.C. § 2462; *Kokesh v. SEC*, 137 S. Ct. 1635, 1645 (2017). Bronson's argument fails because the SEC brought a timely claim for disgorgement: it filed suit in August 2012 and based its action on Section 5 violations that began in August 2009. The SEC sought, through its action, disgorgement for "all ill-gotten gains generated from all of the Defendants' unregistered sales of securities," which included the possibility of more issuers than those named in the complaint. App. 40. The SEC did not bring a new claim in its motion for summary judgment. Instead, it expanded the scope of its existing disgorgement claim when it added a chart with additional transactions from additional issuers. *See SEC v. Payton*, No. 14-cv-4644, 2016 WL 3023151, at *3 (S.D.N.Y. May 16, 2016) (Rakoff, J.) ("[T]he SEC was not required to identify in its complaint the precise amount of disgorgement that is sought.") Thus, the district court did not abuse its discretion in imposing this penalty on Bronson.[1]

We have considered Bronson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Bronson also challenges the district court's imposition of a lifetime bar from trading in penny stocks. However, Bronson did not raise this argument before the district court, and we therefore decline to address it. *See, e.g.*, *Mago Int'l v. LHB AG*, 833 F.3d 270, 274 (2d Cir. 2016). In any event, we discern no error, much less an abuse of discretion, in the district court's imposition of the bar under 15 U.S.C. § 77t(g)(1). *See First Jersey Sec., Inc.*, 101 F.3d at 1477–78 (reviewing permanent injunction for abuse of discretion).

4