Montanez v. McDean LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand nineteen.

PRESENT:  JON O. NEWMAN,
          DENNIS JACOBS,
          CHRISTOPHER F. DRONEY,
                         Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - - - X
ISAAC MONTANEZ,
          Plaintiff-Appellant,

          -v.-                                        18-877

MCDEAN LLC,
          Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - - - - - - - - X

1

FOR APPELLANT:                              Isaac Montañez, pro se, Albany, NY.

FOR APPELLEE:                             Clemente J. Parente, Kristi Rich Winters, Jackson Lewis P.C., Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Isaac Montañez, pro se, sued his former employer, McDean, LLC, for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). He generally alleged that he was harassed and discriminated against by his supervisors because of his race, national origin, sex, and disability, and that he was placed on probation and fired in retaliation for complaining about the harassment. The district court granted summary judgment for McDean. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Orders granting summary judgment are reviewed de novo. See Sousa v. Marquez, 702 F.3d 124, 127 (2d Cir. 2012).

**Title VII and ADA Disparate Treatment**. Title VII and ADA claims are evaluated under the McDonnell Douglas framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 82-83 (2d Cir. 2015) (Title VII); Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006) (ADA). To make out a prima facie case of discrimination under Title VII, a plaintiff has the burden of establishing, inter alia, that an adverse employment action was taken under circumstances giving rise to an inference of discrimination. See McDonnell Douglas, 411 U.S. at 802;

<u>Vega</u>, 801 F.3d at 83.   ADA claims additionally require that the plaintiff show disability within the meaning of the ADA.   <u>Sista</u>, 445 F.3d at 169.

If a plaintiff establishes a prima facie case of discrimination, the employer must articulate a legitimate, non-discriminatory reason for the adverse employment decision.   <u>See</u> <u>Vega</u>, 801 F.3d at 83; <u>see also</u> <u>McDonnell Douglas</u>, 411 U.S. at 802.   The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is pretext for an impermissible motivation. <u>Vega</u>, 801 F.3d at 83; <u>see</u> <u>McDonnell Douglas</u>, 411 U.S. at 804-05.   If the plaintiff cannot establish pretext, the employer is entitled to summary judgment.   <u>James v. N.Y. Racing Ass'n</u>, 233 F.3d 149, 154 (2d Cir. 2000).

Even if we assume that the disciplinary actions of which Montañez complains suffice to establish a prima facie case of discrimination, McDean offered legitimate, non-discriminatory reasons for such actions.   McDean showed that Montañez was placed on probation because he ate restaurant food while on duty, in violation of the restaurant's policies.   Montañez argues that others did the same; but that does not show pretext.   Different treatment of similarly situated employees who are not members of the protected class can evidence discrimination.   <u>See</u> <u>Shumway v. United Parcel Serv., Inc.</u>, 118 F.3d 60, 64 (2d Cir. 1997).   But one comparator was, like Montañez, a Puerto Rican man, which defeats any argument that Montañez was singled out for discipline because of his national origin or sex.   And he offered no evidence that he was singled out in this instance on the basis of race.

McDean showed that Montañez was fired because he failed to show up for a shift without notice.   Montañez claimed that he was told not to show up for that shift, but he did not identify the person during his deposition, let alone establish that person's authority.   There is no evidence that the general manager's decision to fire him was because of his race, national origin, or sex. Montañez stated in his deposition that he had no problems with the general manager.

Montañez also alleged that McDean failed to pay him for all the hours he worked.   But he offered no evidence that McDean's failure to fully compensate

3

him was because of his race, national origin, or sex.   His conclusory assertions that McDean withheld compensation because of discrimination are insufficient to preclude summary judgment.   See Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008).

**Title VII Hostile Work Environment.**   To establish a hostile work environment claim, a plaintiff must show, inter alia, that "the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his or her work environment."   Petrosino v. Bell Atl., 385 F.3d 210, 221 (2d Cir. 2004) (internal quotation marks and brackets omitted).   A "[p]laintiff must show not only that she subjectively perceived the environment to be abusive, but also that the environment was objectively hostile and abusive."   Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006).   "[A] mild, isolated incident does not make a work environment hostile."   Terry v. Ashcroft, 336 F.3d 128, 148 (2d Cir. 2003) (internal quotation marks omitted). Instead, "the test is whether the harassment is of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse."   Id. (internal quotation marks and emphasis omitted).

Montañez failed to offer sufficient evidence of a hostile work environment. He stated that two managers, Carriann Schaub and Margarita Nunez, made sexual jokes and comments about him and coworkers, and that Schaub once asked him on a date.   However, "the ordinary tribulations of the workplace, such as the sporadic use of abusive language," do not rise to a level constituting a hostile work environment.   Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (internal quotation marks omitted).   Likewise, "[i]solated, minor acts or occasional episodes do not warrant relief."   Brennan v. Metro. Opera Ass'n, Inc., 192 F.3d 310, 318 (2d Cir. 1999).

Montañez argues that the restaurant managers also made him clean, screamed at him in front of customers, and set him up to breach the restaurant's security system as a part of the harassment.   But additional work and inappropriate or wrongful reprimands are insufficient to establish a hostile work environment.   See Littlejohn v. City of New York, 795 F.3d 297, 321 (2d Cir. 2015) (allegations such as additional work, changes in schedule, removal from

4

meetings, and wrongful reprimands were insufficient to establish a hostile work environment).   Even if Montañez was set up by Schaub to breach the security system, he was ultimately not disciplined, given his job back, and merely cautioned not to smoke on duty again.   The district court properly granted summary judgment on this claim.

**Title VII Retaliation.**   Retaliation claims under Title VII require "(1) participation in a protected activity; (2) that [the employer] knew of [plaintiff's] participation in that protected activity; (3) that [plaintiff] suffered an adverse employment action; and (4) that there exists a causal relationship between the protected activity and the adverse employment action."   Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010).   If a defendant establishes a legitimate, non-discriminatory reason for the adverse action, the plaintiff must present evidence that retaliation was the "but-for" cause of the action.   Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013).   "Temporal proximity alone is insufficient to defeat summary judgment at the pretext stage."   Zann Kwan v. Andalex Group LLC, 737 F.3d 834, 847 (2d Cir. 2013).

Even assuming that Montañez's complaints were protected activity, Montañez cannot show that retaliation was the "but-for" cause of his probation and termination.   McDean proffered a legitimate, non-discriminatory reason for both disciplinary actions, and Montañez offered no evidence that the general manager's decision to place him on probation or fire him was due to retaliatory animus.   And to the extent he claims that McDean's failure to pay him for all his hours worked was retaliation, he offered no evidence about which manager was responsible for payroll, let alone that that person was aware of Montañez's harassment reports.

We have reviewed the remainder of Montañez's arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK