Joseph v. United Technologies Corp.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of July, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL,
         REENA RAGGI,
           <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - -X
MICHAEL G. JOSEPH,
       <u>Plaintiff-Appellant</u>,

       -v.-                        16-2872

UNITED TECHNOLOGIES CORP., PRATT & WHITNEY DIVISION AND SIKORSKY AIRCRAFT CORPORATION,
       <u>Defendants-Appellees</u>.†

- - - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:             KENNETH A. VOTRE, Votre & Associates, P.C., Ridgefield, CT.

---

† The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

1

**FOR APPELLEES:**                    ERIC L. SUSSMAN (Albert
Zakarian, on the brief), Day
Pitney LLP, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Michael Joseph appeals from the judgment of the United States District Court for the District of Connecticut (Thompson, J.) in favor of defendants-appellees United Technologies Corporation, Pratt & Whitney Division ("Pratt & Whitney") and Sikorsky Aircraft Corporation ("Sikorsky"), granting summary judgment on Joseph's race and age discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq., and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60(a)(1) et seq. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

From 2000 to 2012, Joseph, an African-American man, worked as a software engineer at Sikorsky. In 2009, at age 38, he was promoted to a supervisory position. The promotion came with no salary increase. Before applying for the position, Joseph expressed his interest to a program manager named Donald Rogers, who is not alleged to have had any role in the promotion decision. According to Joseph, Rogers warned him that he would not get the position because Joseph's department "didn't have any black managers." Appellees' Supp. App'x ("Supp. App'x") at 73-74.

Joseph claims that, following his promotion, he was harassed, humiliated, and treated unfairly by Rogers and the person who promoted him, John VanLeeuwen. He alleges that Rogers yelled at him, criticized his performance (including during a performance review), referred to him as "lazy" and a

2

"slacker," and blamed him for the mistakes of others, and that VanLeeuwen accused him of stealing a laptop.  Joseph also claims that some unknown individual was remotely tampering with his computer and deleting his work.  He believes that he was mistreated because of his race and age.

In March 2012, he left Sikorsky to work at Pratt & Whitney. The companies were, respectively, a subsidiary and a corporate division of United Technologies Corporation.  He alleges that at Pratt & Whitney he encountered similar problems with his computer, was accused of stealing files by his supervisor, Michael Sabatella, and experienced headaches and other physical discomfort, which he attributes to some sort of "energy . . . [or] heat[-]producing beam."  Supp. App'x at 49.  Citing his health concerns, he did not report to work for most of the period between late November 2012 and early March 2013.  He returned to the office on March 13, 2013 after Pratt & Whitney's investigation found no environmental safety concerns. However, he immediately began experiencing physical discomfort and never reported to work again.

In May 2013, Joseph filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Sikorsky and Pratt & Whitney for race and age discrimination.  He amended the complaint in July 2013.  He also filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") in June 2013.

In August 2013, Joseph was terminated by Pratt & Whitney as part of a reduction in force.  Managers were required to assess their employees according to specific criteria, and Joseph, who had not reported to work for several months, received the lowest score in his group.  He was 42 years old at the time of his termination.

Joseph brought the present action in March 2015, claiming that Sikorsky and Pratt & Whitney subjected him to discrimination and a hostile work environment in violation of Title VII, the ADEA, and the CFEPA.  The district court granted summary judgment in defendants' favor, ruling that Joseph's claims against Sikorsky were time-barred and that his claims

3

against Pratt & Whitney failed for lack of evidence that he suffered discrimination based on race or age.

We review de novo a district court's grant of summary judgment, see Sousa v. Marquez, 702 F.3d 124, 127 (2d Cir. 2012), and will affirm only if, construing the evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "There is no genuine issue of material fact where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Durakovic v. Bldg. Serv. 32 BJ Pension Fund, 609 F.3d 133, 137 (2d Cir. 2010) (internal quotation marks and brackets omitted).

Having reviewed the record de novo in light of the foregoing principles of law, we conclude that none of Joseph's claims is actionable.

The complained-of conduct at Sikorsky -- Joseph's 2009 promotion without a raise, 2010 negative performance review, and allegedly hostile work environment -- occurred beyond the reach of the applicable statutes of limitations (300 days for his federal claims, 180 days for his state claim). See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1); Conn. Gen. Stat. § 46a-82(f). He contends that events at Sikorsky are not time-barred because they were part of an "ongoing discriminatory polic[y] or practice[]," Cornwell v. Robinson, 23 F.3d 694, 704 (2d Cir. 1994), that continued through his employment at Pratt & Whitney. But there is no evidence of such a policy or practice.

As to his computer problems at Pratt & Whitney, he offers no evidence to suggest that the unknown individual allegedly responsible for those problems was motivated by his race or his age.

As to his termination from Pratt & Whitney, he agreed that he has no "facts to suggest that the reason for [the] termination had anything to do with [his] race or age." Supp. App'x at 85. He cites no evidence to support such a claim.

4

Finally, he fails to demonstrate a hostile work environment at Pratt & Whitney. He does not identify a single comment or action during his employment at Pratt & Whitney with any apparent connection to his race or age. See Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997) (explaining that plaintiff asserting hostile work environment claim must demonstrate "that [his] workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [his] work environment" (internal quotation marks omitted)).

Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5