15-3451-cv
Venezia v. Luxottica Retail N. Am. Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October , two thousand seventeen.

PRESENT:
    DENNIS JACOBS,
    JOSÉ A. CABRANES,
    RICHARD C. WESLEY,
        *Circuit Judges.*

_____

PAVOLO VENEZIA,
        *Plaintiff-Appellant*,

        v.                                                          15-3451

LUXOTTICA RETAIL NORTH AMERICA
INC., SUNGLASS HUT TRADING, LLC,
        *Defendants-Appellees*.

_____


FOR PLAINTIFF-APPELLANT:        Pavolo Venezia, pro se, Ridgefield Park, NJ.

**FOR DEFENDANTS-APPELLEES:**         Craig R. Benson, Meredith L. Kaufman, Shawn Matthew Clark, Littler Mendelson, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Pavolo Venezia, pro se, sued his former employers, Luxottica Retail North America Inc. ("LRNA") and Sunglass Hut Trading, LLC, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, the New York State Human Rights Law, and the New York City Human Rights Law for race, religious, and age discrimination and for retaliation.   Venezia alleged that: he was fired when he refused to comply with a demand that he hire only attractive, white applicants; he was denied permission to take Sundays off for church; he was disciplined in retaliation for complaining about allegedly discriminatory hiring practices; he was subjected to a hostile work environment; and defendants breached an implied contract to pay him for his sunglass designs.[1]   The district court granted the defendants' motion for summary judgment.   Venezia now appeals.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted).

Upon such review, we conclude that the district court properly granted summary judgment to the defendants.   We therefore affirm for substantially the reasons stated by the district court in its thorough and well-reasoned September 28, 2015 decision.   As the district court ruled, Venezia failed to offer sufficient evidence of pretext to overcome LRNA's legitimate, non-discriminatory reason for terminating him, namely that he had

---

[1] Venezia brought additional claims under the Family and Medical Leave Act ("FMLA") and state common law.   Those claims are not at issue on appeal because he voluntarily dismissed the FMLA claim and he does not challenge the dismissal of the state common law claims.

abused the company's discount code program.   Further, he failed to establish a prima facie case of either discrimination or retaliation, present evidence of a hostile work environment, or identify an enforceable contract that was breached.

We have considered all of Venezia's arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
BY:

3