16-3490
Antrobus v. New York City Department of Sanitation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand seventeen.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

Andre K. Antrobus,

> *Plaintiff-Appellant*,

> v.                                                                 16-3490-cv

New York City Department of Sanitation,

> *Defendant-Appellee*.

_____

Appearing for Appellant:     Andre K. Antrobus, pro se, White Plains, N.Y.

Appearing for Appellee:      Jeremy W. Shweder, Assistant Corporation Counsel (Pamela Seider Dolgow, Assistant Corporation Counsel, *on the brief*) *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Amon, *J.*; Bloom, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Andre Antrobus, proceeding pro se, appeals the September 26, 2016 decision of the United States District Court for the Eastern District of New York (Amon, *J.*) adopting the February 25, 2016 report and recommendation of the magistrate judge and granting summary judgment in favor of the defendant, the New York City Department of Sanitation ("DSNY"). Antrobus sued DSNY, his current employer, under Title VII of the Civil Rights Act of 1964, alleging claims of hostile work environment, discrimination on the basis of his race and national origin, failure to promote, and retaliation for filing three discrimination complaints between 2004 and 2010. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a grant of summary judgment *de novo*." *McPherson v. Coombe*, 174 F.3d 276, 279 (2d Cir. 1999). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Federal Rule of Civil Procedure 56(a)). We affirm the grant of summary judgment for substantially the reasons stated by the magistrate judge in her thorough February 25, 2016 report and recommendation.

With regard to hostile work environment, Antrobus asserted that egregious verbal incidents took place, but they occurred several years beyond the limitations period. Accordingly, those verbal incidents cannot independently support a claim. *See* 42 U.S.C. § 2000e–5(e)(1). Antrobus did not offer any evidence indicating that the conduct that took place within the limitations period either was motivated by his protected characteristics, or was sufficiently related to the earlier verbal incidents to constitute a continuing violation. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014); *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75-76 (2d Cir. 2010).

Antrobus's discrimination claim also fails because the verbal incidents that he described are beyond the applicable limitations period. Further, with regard to Antrobus's assertion that he was treated improperly when he was required to work holidays, the record indicates that other employees also worked those holidays. Thus Antrobus has failed to demonstrate that similarly-situated employees received better treatment. *See Brown v. Daikin America Inc.*, 756 F.3d 219, 229 (2d Cir. 2014).

Summary judgment was also proper on the retaliation claim, because Antrobus has not offered any evidence indicating that complaints filed in 2004, 2006, or 2010 caused an adverse employment action. Antrobus points to denial of leave requests in 2010, but the record indicates that the denial was the product of an ongoing effort by his employer to curtail his improperly documented absences. *See Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87, 95 (2d Cir.

2001), *as amended* (June 6, 2001). And Antrobus did not submit evidence indicating that retaliation was "a substantial reason" in denying his request. *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010); *see also Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 845-47 (2d Cir. 2013).

Regarding the failure to promote claim, summary judgment was appropriate because Antrobus admitted that many individuals have remained in his same position for over 30 years, and that he has never applied for a promotion. Thus Antrobus failed to make out a prima facie case. *See Aulicino v. New York City Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709-10 (2d Cir. 1998).

Antrobus's remaining claims—violations of 42 U.S.C. § 1981 and the Equal Protection Clause, as well as intentional infliction of emotional distress and complaints relating to drug testing following a DWI—were not raised below, and, accordingly, are barred on appeal. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.") (brackets omitted) (quoting *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008); *Bogle–Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006)).

We have considered all of Antrobus's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3