Winsome Thelwell v. City of New York, et. al

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of May, two thousand eighteen.

PRESENT:  JOHN M. WALKER, JR.,
          DENNIS JACOBS,
                    <u>Circuit Judges</u>,
          MICHAEL P. SHEA,
                    <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - -X
WINSOME THELWELL,
          <u>Plaintiff-Appellant</u>,

          -v.-                        **17-1767**

---

\* Judge Michael P. Shea, of the United States District Court for the District of Connecticut, sitting by designation.

**CITY OF NEW YORK, LAURA EDIDIN, JOHN DOE, said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the named Defendants, JANE DOE, said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the named Defendants,**

        **Defendants-Appellees.**

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | Samuel O. Maduegbuna (William W. Cowles, Christopher Scharwath (legal intern), <u>on the brief</u>), Maduegbuna Cooper, LLP, New York, NY. |
| **FOR APPELLEES:** | Daniel Matza-Brown (Richard Dearing, Claude S. Platton, <u>on the brief</u>), Assistant Corporation Counsel, <u>for</u> Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Koeltl, <u>I.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order and judgment of the district court be **AFFIRMED**.

Winsome Thelwell appeals from an order of the United States District Court for the Southern District of New York (Koeltl, <u>I.</u>), which dismissed on summary judgment her claims for employment discrimination and failure to

promote under 42 U.S.C. §§ 1981 and 1983, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296, et. seq., and the New York City Human Rights Law ("NYCHRL"), Admin. Code of the City of N.Y., § 8-107, et. seq., and a judgment which dismissed her retaliation claim following a jury verdict. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

## Summary Judgment

Thelwell, who works for the New York City Civilian Complaint Review Board ("CCRB"), alleges that she was passed over for promotion to Director of Investigative Policy ("DIP") and to Deputy Executive Director of Investigations ("DEDI") because she was stereotyped as an "angry black woman." Pl.'s Am. Compl. ¶25. She sued the City of New York, one named City employee, and unnamed aiders and abettors (the "City"). Thelwell contends that the district court construed all disputed material facts in the City's favor, and made multiple errors of law.

We review the grant of summary judgment de novo, drawing all factual inferences in favor of the non-moving party. Sousa v. Marquez, 702 F.3d 124, 127 (2d Cir. 2012). Summary judgment is appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

At the summary judgment stage, failure to promote claims under 42 U.S.C. § 1981 and the NYSHRL are subject to the McDonnell Douglas burden-shifting analysis. Aulicino v. New York City Dep't of Homeless Servs., 580 F.3d 73, 80 (2d Cir. 2009). The plaintiff initially bears the burden of establishing a prima facie case. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the plaintiff does so, "the burden shifts to the defendant, which is required to offer a legitimate, non-discriminatory rationale for its actions." Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003). If the defendant proffers such an explanation, the burden shifts back. "[T]o defeat summary judgment . . . the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational

3

finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." Id.

"[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing [its] provisions broadly in favor of discrimination plaintiffs to the extent that such a construction is reasonably possible." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013) (internal citations and quotation marks omitted). Under the NYCHRL, "the plaintiff must establish a prima facie case, and the defendant then has the opportunity to offer legitimate reasons for its actions." Ya-Chen Chen v. City Univ. of New York, 805 F.3d 59, 75–76 (2d Cir. 2015). Thus summary judgment is appropriate "only if the record establishes as a matter of law that discrimination play [ed] no role in its actions." Mihalik, 715 F.3d at 110.

Contrary to Thelwell's contention that the district court ignored Fed. R. Civ. P. 56, the district court did not resolve any credibility determinations in favor of the City. The government offered legitimate non-discrimnatory reasons for Denis McCormick's selection as DIP: he had higher clearance rates, strong evaluations, and took on extra duties. To avoid summary judgment, Thelwell had to present evidence demonstrating that the employment decision was more likely than not caused by racial discrimination. Terry, 336 F.3d at 138. Under her theory of liability, Thelwell had to demonstrate both discriminatory animus by defendant Laura Edidin, and that the animus was the proximate cause of Joan Thompson's decision to hire McCormick. See Staub v. Proctor Hosp., 562 U.S. 411, 422 (2011). Thelwell is unable to do so for three reasons.

Thelwell argues that Edidin calling her angry is an indication that Edidin stereotyped her and possessed racial animus. But Thelwell provides nothing but speculation to demonstrate that Edidin influenced Thompson, while Thompson testified that Edidin only found out about McCormick's new position after the decision had been made to give him the title. On this record, no reasonable juror could find that Edidin's supposed animus infected the decision.

No procedural irregularities attended McCormick's promotion to DIP. The position was created for McCormick, and McCormick was well-qualified for

4

it.  See Mauro v. S. New England Telecommunications, Inc., 208 F.3d 384, 387–88 (2d Cir. 2000) (finding no pretext where job was created for individual who received the promotion and the individual was "well-qualified for this type of work").  Further, Thompson testified that there was no obligation to advertise the position because it was not an actual promotion, only an additional title, and that the CCRB had followed the same procedure in the past when creating a position for a specific individual. Thelwell presented no evidence to contest that testimony.

Thelwell fails to demonstrate that she was denied the DEDI promotion by reason of discrimination.   "To establish a prima facie case of discriminatory failure to promote, a plaintiff must allege that she or he applied for a specific position or positions and was rejected therefrom . . ."  Kinsella v. Rumsfeld, 320 F.3d 309, 314 (2d Cir. 2003) (internal quotation marks omitted).   Thelwell did not apply for the DEDI position.   While "the rule is that a plaintiff's failure to apply for a position is not a bar to relief when an employer's discriminatory practices deter application or make application a futile endeavor," Malarkey v. Texaco, Inc., 983 F.2d 1204, 1213 (2d Cir. 1993), no reasonable person would interpret Thelwell's exchanges with Soler--whom Thelwell never accused of racial animus--to have made application futile.   Thelwell offers no more than speculation that Edidin influenced the decision to select McCormick to DEDI. Finally, Thelwell argues that McCormick's experience and qualifications are subjective factors which suggest pretext, but Thelwell does not dispute the objective facts of McCormick's performance.

Therefore summary judgment was proper under both 42 U.S.C. § 1981 and the NYSHRL.   Summary judgment was also proper under the more forgiving NYCHRL standard, since "the record establishes as a matter of law that discrimination play[ed] no role in its actions." Mihalik, 715 F.3d at 110 n.8 (internal citation and quotation marks omitted, alteration in original).

**Jury Trial**

Thelwell also argues that two evidentiary errors require that the judgment rejecting her retaliation claim be vacated and the issue re-tried.   "We review a

5

district court's evidentiary rulings for abuse of discretion," <u>Marcic v. Reinauer Transp. Companies</u>, 397 F.3d 120, 124 (2d Cir. 2005), and "we will not grant a new trial unless . . . the introduction of inadmissible evidence was . . . so clearly prejudicial to the outcome of the trial that we are convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice," <u>Luciano v. Olsten Corp.</u>, 110 F.3d 210, 217 (2d Cir. 1997) (internal citation and quotation marks omitted). "Prejudice is measured by assessing the error in light of the record as a whole." <u>Pescatore v. Pan Am. World Airways, Inc.</u>, 97 F.3d 1, 17 (2d Cir. 1996).

Thelwell complains that the district court did not permit her to refresh the recollection of her witness Graham Daw by showing him a complaint he had filed against the City in a separate suit. According to Thelwell, this error prevented her from establishing Tracy Catapano-Fox's retaliatory animus toward her. Generally, when a lawyer wishes to use a writing to refresh a witness' recollection, the lawyer must first establish that the witness lacks present recollection of the issue. <u>See</u> <u>Bankers Tr. Co. v. Publicker Indus., Inc.</u>, 641 F.2d 1361, 1363-64 (2d Cir. 1981). Daw had no need for his memory to be refreshed. He clearly and unambiguously testified that nobody at CCRB had told him to stay away from Thelwell. Daw's recollection ran contrary to how Thelwell anticipated he would respond; but that was not grounds to refresh Daw's recollection. Further, in her proffer, Thelwell told the district court that she would not disclose the existence of Daw's lawsuit to the jury.

Thelwell also argues that the district court abused its discretion by not permitting the testimony of Richard Emery. We disagree. Thelwell's reason for offering Emery's testimony changed the day before he was set to testify, prejudicing the City. Thelwell sought to elicit testimony that Catapano-Fox had leaked information. But, Catapano-Fox's alleged leaking of information had nothing to do with her credibility and was not inconsistent with her determination that Thelwell violated CCRB's policy prohibiting the destruction of documents. Any probative value in introducing Emery's testimony on Catapano-Fox's leaking would have been "substantially outweighed by a danger" of "unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. Thelwell fails to demonstrate how this ruling so clearly prejudiced her

so that "a substantial right of a party is affected," or that the "jury's judgment would be swayed in a material fashion by the error." Arlio v. Lively, 474 F.3d 46, 51 (2d Cir. 2007).

Accordingly, the order and judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
