**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2018[*]
Decided September 21, 2018

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1296

| | |
|---|---|
| MARSHALL JACKSON, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16-cv-02732-WTL-MJD |
| BRUCE LEMMON and <br> SCOTT BRENNEKE, <br>     *Defendants-Appellees*. | William T. Lawrence, <br> *Judge*. |

**O R D E R**

Marshall Jackson, a former Indiana prisoner, has sued officials in the Indiana Department of Correction alleging that they violated his constitutional right to access the courts. The Department took several months to find 20-year-old medical records regarding Jackson's use of a drug that he says damaged his kidneys. Jackson contends that because of the Department's delay, he lost the chance to file a product-liability suit

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

against the maker of that drug. The district judge ruled that Jackson failed to state a claim and dismissed the suit. We affirm the judgment.

While he was an inmate in an Indiana prison in the late 1980s, Jackson began to experience acid reflux. A prison doctor prescribed Prilosec, a drug manufactured by AstraZeneca. Jackson took Prilosec for two years, sometime before 1993. According to his complaint, at that time AstraZeneca knew or should have known of the risk of kidney disease from long-term use of the drug and failed to warn consumers.

Jackson was released from prison in 2012. Two years later he was diagnosed with chronic kidney disease. As best we understand the timeline after his release (based on a liberal reading of his filings in the district court), Jackson learned in February 2015 that Prilosec can cause kidney damage. He then wanted to file a product-liability suit against AstraZeneca based on its failure to warn of the dangers of Prilosec. In May 2016 he asked the Department for his medical records from more than two decades earlier. He believed that the records contained facts he needed to initiate a product-liability suit against AstraZeneca. Those facts include the date of his Prilosec prescription, the name of the doctor who prescribed the drug, and the length of time that he used it. The Department initially told him that the documents were lost.

About ten months later, in March 2017, the Department found Jackson's records. Jackson insists that by then it was too late for him to sue. He alleges that the statute of limitations barred a potential product-liability suit as of February 2017, two years after he learned of his claim. He blames Bruce Lemmon and Scott Brenneke, two department officials, for the delay in finding his records. He concedes, however, that the medical records "did not have the entire factual basis" that he needed to sue AstraZeneca.

The defendants moved to dismiss Jackson's complaint. The judge granted the motion, ruling that "Jackson is mistaken" in believing that he needed these records to file a complaint against AstraZeneca. Furthermore, because Jackson admitted that the records, once found, did not have the information that he supposedly needed, the delay in finding them did not harm him.

Jackson maintains on appeal that his complaint adequately alleged a claim for violation of his constitutional right to access the courts. When state officials deliberately prevent a would-be plaintiff from filing a suit against a third party, they may be liable to that prospective litigant for the lost opportunity to sue. *See Christopher v. Harbury*, 536 U.S. 403, 413–15 (2002); *Rossi v. City of Chicago*, 790 F.3d 729, 734 (7th Cir. 2015).

Jackson argues that by not locating his medical records until after the limitations period for a product-liability suit expired, the defendants violated his right to access the courts.

We assume for the sake of argument that the Department had a duty to retain medical records of former inmates for the 20-year period at issue here. Taking Jackson's allegations as true, the defendants did not prevent him from initiating a product-liability suit. A complaint against AstraZeneca needed only to contain a "short and plain statement of the claim." FED. R. CIV. P. 8(a)(2). To plead a product-liability claim for inadequate warning, a plaintiff must allege that the defendant knew or should have known that its product contained an unwarned danger that harmed the plaintiff. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 558 (7th Cir. 2010); RESTATEMENT (THIRD) OF TORTS: PROD. LIAB. § 6(b)(3), (d) (AM. LAW INST. 1998). Jackson alleges that he wanted his records in order to learn who prescribed Prilosec to him and when. But he did not need *those* details to plead a claim that AstraZeneca did not warn him of a known danger. Because he did not need his records to start his lawsuit, the defendants did not violate his right to access the courts. *See Rossi*, 790 F.3d at 736–37; *Sousa v. Marquez*, 702 F.3d 124, 129 (2d Cir. 2012).

Two other reasons justify dismissal of Jackson's lawsuit. First, Jackson conceded in the district court that after receiving his medical records, he "noticed that [they] did not have the entire factual basis" that he says he needed to file a claim. That concession tells us that any delay in locating the records did not frustrate his litigation. *See Christopher*, 536 U.S. at 415. Second, Jackson does not allege that the defendants intentionally or recklessly delayed in retrieving his records. A defendant does not violate a plaintiff's right to access the courts by mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004); *see also Rossi*, 790 F.3d at 734 ("Interference with the right of court access by state agents who *intentionally* conceal the true facts … may be actionable … .") (emphasis added). Jackson claims that the Department's inadequate recordkeeping system prevented him from timely filing his product-liability suit, but he does not assert that the defendants intentionally or recklessly prevented him from doing so. That omission also dooms his claim. *See Pink v. Lester*, 52 F.3d 73, 76 (4th Cir. 1995).

We have considered Jackson's remaining arguments and none has merit.

AFFIRMED.