18-1824-cv
Parron v. Herbert

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand nineteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges*,
> RICHARD M. BERMAN,
> *District Judge.**

---

Louis B. Parron,

> *Plaintiff-Appellant*,

> v.                                                             18-1824-cv

Michael Herbert, Joseph Szucs, Jr., Verizon New York Inc.,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:          Louis B. Parron, *pro se*, Clinton, NJ.

FOR DEFENDANTS-APPELLEES:          Scott Casher, White and Williams
                                   LLP, Pleasantville, NY.

---

* Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Louis Parron ("Parron"), proceeding *pro se*, appeals from the district court's judgment granting summary judgment in favor of his former employer and supervisors with respect to his age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* to determine whether the district court properly concluded that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). Claims under the ADEA fall under the *McDonnell Douglas* framework. *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 128 (2d Cir. 2012). Under *McDonnell Douglas*, after a plaintiff establishes a prima facie case of discrimination, the employer must demonstrate a "legitimate, nondiscriminatory reason" for the adverse employment decision. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Bucalo*, 691 F.3d at 128–29. The burden then shifts back to the plaintiff to present evidence that age was actually the but-for cause of the employer's adverse action. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). To establish a prima facie case of discrimination, a plaintiff must show,

2

among other things, that an adverse employment action "'occurred under circumstances giving rise to an inference of discrimination.'" *Bucalo*, 691 F.3d at 129 (quoting *Gorzynski*, 596 F.3d at 107).

Parron did not meet this burden. Parron principally alleged that the defendants discriminated against him by suspending him from work. Yet Parron's complaint, deposition testimony, and appellate brief attribute his suspension not to his age, but to his inability to learn how to complete new tasks. Parron contends that his difficulty adjusting to his new assignments was a function of his age. But the district court correctly concluded that, even if a correlation between learning difficulties and age existed, an adverse employment action based on these difficulties would not constitute age discrimination under the ADEA. *See Criley v. Delta Air Lines, Inc.*, 119 F.3d 102, 105 (2d Cir. 1997) ("[E]mployment decisions driven by factors that are empirically intertwined with age are not discriminatory so long as they are motivated by 'some feature other than the employee's age.'" (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993)).

Parron failed to make a prima facie case of age discrimination with respect to his remaining allegations as well. Parron alleged that Verizon provided inadequate training for his new assignments, but there is no evidence that he was given different assignments or training than younger employees. To the contrary, Parron testified that he did not know what other employees' duties were, and the parties agreed that Parron attended training with three younger associates and made no claims that those associates received preferential treatment based on their age. Parron also alleged that he was denied the system access required to complete his assignments. Although he asserts on appeal that all younger employees were granted this access, he provided no evidence

3

to support that assertion, and moreover he testified that he did not believe that his age was a factor in his denial. And while Parron alleged that Verizon ordinarily imposed progressive discipline short of suspension for violations like Parron's, and ordinarily transferred employees with difficulties like Parron's to other positions rather than disciplining them, he failed to offer evidence to support these assertions. Parron thus failed to provide any evidence of "circumstances giving rise to an inference of discrimination." *Bucalo*, 691 F.3d at 129 (internal quotation marks omitted); *see also Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (observing that in opposing summary judgment, the non-moving party may not rely upon "conclusory statements or mere allegations," but must "go beyond the pleadings, and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial" (internal quotation marks and alterations omitted)).

Even if Parron had established a prima facie case of age discrimination, the defendants proffered a legitimate, non-discriminatory reason for his suspension—his failure to arrive at work on time and complete assigned tasks. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 93 (2d Cir. 2001) (determining that an employer's "dissatisfaction" with an employee's work performance is a "legitimate, non-discriminatory reason" for an adverse employment action). Even if there were a genuine dispute as to whether Parron had violated company policy, Parron did not produce any evidence demonstrating that these reasons were pretextual other than the timing of his suspension, which occurred less than two years before he became eligible for a 30-year service pension. But timing alone is insufficient to establish pretext. *See Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 254 (2d Cir. 2014) (holding in the context of a Title VII retaliation claim that, while timing "might be enough to establish a prima facie case, temporal proximity

4

alone is not enough to establish pretext in this Circuit").   The district court thus properly granted summary judgment on Parron's age discrimination claim.

Finally, Parron suggests that, in light of a magistrate judge's recusal, other conflicts or biases may have affected the district court's decision to grant summary judgment.   But Parron offers no evidence of judicial bias other than this adverse ruling, which is insufficient to demonstrate bias.  *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (observing that "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality").

We have considered all of Parron's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5