*Vazquez et al. v. Azoulay*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-one.

PRESENT:     JOSÉ A. CABRANES,
                        GERARD E. LYNCH,
                                    *Circuit Judges,*
                        VICTOR MARRERO,
                                    *District Judge.*

---

SANTIAGO ALONSO VAZQUEZ, SALVADOR SANTIAGO BACILIO, TELESFORO TORRES,

                        *Plaintiffs-Appellees,*                                    19-1448-cv

                        v.

MOSHE AZOULAY,

                        *Defendant-Appellant,*

142 KNICKERBOCKER ENTERPRISE, CORP., D/B/A WOW CAR WASH, GEORGE AUTO SPA, CORP., MOCHA MANAGEMENT, LLC,

                        *Defendants.*

---

* Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLEES:        JULIA C. PILCER, Michael D. Gottesman,
                                 Wilmer Cutler Pickering Hale and Dorr,
                                 LLP, New York, NY, David A. Colodny,
                                 Catholic Migration Services, Sunnyside,
                                 NY.pro se, Forest Hills, NY.


FOR DEFENDANT-APPELLANT:          MOSHE AZOULAY, *pro se*, Forest Hills,
                                 NY.

Appeal from a May 30, 2019 judgment of the United States District Court for the Eastern District of New York (LaShann M. DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Moshe Azoulay, proceeding *pro se*, appeals the District Court's grant of summary judgment on plaintiffs' New York State Labor Law ("NYLL") claims.  The plaintiffs alleged, as relevant here, that during their employment at Wow Car Wash, Azoulay failed to provide: (1) spread-of-hours wages as required by 12 NYCRR § 142-24; (2) notice of wage information at the time of hiring, as required by NYLL § 195(1)(a) ("hiring notice"); and (3) proper notice with each payment of plaintiffs' wages, as required by NYLL § 195(1)(3) ("wage notice").  The District Court granted plaintiffs summary judgment on these claims, awarding statutory damages, liquidated damages, and pre-judgment interest, totaling $42,277.88, and certified the grant of partial summary judgment as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo. See Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.* (quoting Fed. R. Civ. P. 56(a)).  We review "a district court's factual findings and damages calculation for clear error, and applicable questions of law *de novo*."  *Rana v. Islam,* 887 F.3d 118, 121 (2d Cir. 2018) (per curiam).

I.        **Spread-of-Hours Claims**

Under the NYLL, "[a]n employee shall receive one hour's pay at the basic minimum hourly wage, in addition to the minimum wage" for days where "the spread of hours exceeds 10 hours."  12 NYCRR § 142-2.4.  The spread of hours is defined as "the interval between the beginning and end

of an employee's work day," including "working time plus time off for meals plus intervals off duty." *Id.* § 142-2.18.

The District Court correctly ruled that there was no genuine dispute as to whether Azoulay was liable for spread-of-hours wages. At his deposition, Azoulay admitted that his employees had worked shifts that were more than ten hours a day and that he did not pay spread-of-hours wages. Azoulay cannot create an issue of material fact by simply contradicting his deposition testimony. *See Heil v. Santoro*, 147 F.3d 103, 110 (2d Cir. 1998) ("[A] party opposing summary judgment does not create a triable issue by denying his previously sworn statements."); *Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572–73 (2d Cir. 1991) ("The rule is well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony."). Azoulay argues that he gave plaintiffs "extra" pay but provides no evidence that those purported "extra" payments correspond to the number of days the plaintiffs worked more than ten hours. In fact, the "extra" amounts Azoulay cites only account for the years 2012 and 2013, whereas the plaintiffs, with the exception of Appellee Gonzales, were employed starting in 2007. *See Fujitsu Ltd. v. Fed. Express Corp.,* 247 F.3d 423, 428 (2d Cir. 2001) (party "may not rely on conclusory allegations or unsubstantiated speculation" to survive summary judgment) (citation omitted)).

## II. Notice Claims

Azoulay challenges the notice claims by generally arguing that the plaintiffs' allegations are false and that he did comply with the statutes. However, the documents Azoulay provided plaintiffs do not contain all the information required by NYLL § 195(1)(a) or (3).[1]

## III. Damages

Azoulay challenges only the District Court's grant of liquidated damages, arguing that plaintiffs are not entitled to damages because he acted in good faith and the plaintiffs have unclean hands. These arguments are without merit. Under NYLL § 198(1)(1-a), plaintiffs are entitled to recover liquidated damages, "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." Azoulay contends that he "always acted in a good faith," but he has not provided "plain and substantial evidence of at least an honest intention to ascertain what the [law] requires and to comply with it." *See Reich v. Southern New Eng.*

---

[1] For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. *See* Appellee Br. at 16-21.

*Telecommunications Corp.,* 121 F.3d 58, 71 (2d Cir. 1997) (citation omitted) (assessing good faith in the context of a FLSA violation).

Azoulay argues that plaintiffs have "unclean hands" because they are in the country illegally and provided fraudulent work documents. This argument is unavailing for at least two reasons. First, the doctrine of unclean hands applies when parties seek equitable relief, not damages. *See PenneCom B.V. v. Merrill Lynch & Co.*, 372 F.3d 488, 493 (2d Cir. 2004) ("Courts apply the maxim requiring clean hands where the party asking for the invocation of an equitable doctrine has committed some unconscionable act that is directly related to the subject matter in litigation and has injured the party attempting to invoke the doctrine" (internal quotation marks omitted)). Second, even if the doctrine of unclean hands were relevant here, Azoulay could not invoke it to bar plaintiffs' claims, as he has provided no evidence in support of his allegations of fraud and illegal status.

## CONCLUSION

We have reviewed Azoulay's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4