21-901
*Perciballi et al. v. Ethicon, Inc. et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

ALEXANDRA PERCIBALLI, LEWIS PERCIBALLI,

> *Plaintiffs-Appellants,*

> v.                                                                         No. 21-901

ETHICON, INC., ETHICON LLC, JOHNSON & JOHNSON,

> *Defendants-Appellees.*\*

_____

FOR APPELLANTS:                    SCOTT T. HORN, Mischel & Horn P.C., New York, NY; Robert E. Price, William F. Cash, III, Levin, Papantonio Rafferty Proctor Buchanan O'Brien Bar Mougey, P.A., Pensacola, FL.

---

\* The Clerk of Court is directed to amend the case caption to conform to the above.

FOR APPELLEES:                    SUSANNA M. MOLDOVEANU (M. Elizabeth Roper, *on the brief*), Butler Snow LLP, Memphis, TN.

Appeal from the United States District Court for the Eastern District of New York (Donnelly *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 4, 2021, is **AFFIRMED**.

Alexandra Perciballi ("Ms. Perciballi") and her husband, Lewis Perciballi, seek to recover damages for personal injuries sustained by Ms. Perciballi, after she was implanted in 2002 and 2006 with transvaginal tape devices ("TVTs") manufactured by Ethicon, Inc., Ethicon LLC, and Johnson & Johnson (collectively "Defendants") to treat her stress urinary incontinence. The Perciballis now appeal the district court's entry of summary judgment for Defendants under Federal Rule of Civil Procedure 56(a). The district court ruled that their claims were barred by New York's three-year statute of limitations. *See* N.Y. C.P.L.R. § 214(5) (providing a three-year statute of limitations for "an action to recover damages for a personal injury," subject to exceptions not applicable here).

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* the district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We also review *de novo* the district court's application of the appropriate statute of limitations. *See City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011).

Upon such review, we affirm. For substantially the reasons stated by the district court in its opinion, we conclude that the Perciballis' claims were untimely brought.

We have stated that "[i]n cases involving the malfunction of medical devices 'implanted or inserted into the human body,' the statute of limitations 'runs from the date of the *injury resulting from the malfunction.*'" *Baker v. Stryker Corp.*, 770 Fed. App'x 12, 14 (2d Cir. 2019) (summary order) (emphasis in original) (quoting *Martin v. Edwards Labs.*, 60 N.Y.2d 417, 422 (1983)). "In other words, the '[three-year] limitations period runs from the date *when plaintiff first noticed symptoms*, rather than when a physician first diagnosed those symptoms.'" *Id.* (emphasis added) (quoting *Galletta v. Stryker Corp.*, 283 F. Supp. 2d 914, 917 (S.D.N.Y. 2003)).

In the sworn "Fact Sheet" that she submitted in support of her complaint, Ms. Perciballi declared that she first noticed symptoms "as a result of the [TVT] implantation" in "[m]id to late 2003." App'x at 41. She later testified that she had been "experiencing symptoms since 2005." *Id.* at 55. Yet, the Perciballis did not file their complaint until April 2013. The Perciballis argue that the statute of limitations was not triggered until they knew that the TVT implants caused her symptoms. But, as described above and discussed at length by the district court, we conclude that the law of New York, which governs here, dictates otherwise.

Accordingly, we identify no basis for disturbing the district court's ruling.

\* \* \*

We have considered the Perciballis' remaining arguments and find in them no basis for reversal. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court